## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSES LEE FEAGIN, | ) | Case No. 1:26-cv-511 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| RICHLAND COUNTY SHERIFF | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

In Case No. 1:22-cv-1201, Plaintiff Ulysses Feagin brought suit against the Mansfield Police Department and three of its officers for use of excessive force in connection with his arrest and for failure to provide medical treatment after an officer deployed pepper spray on him when he was in the back of a cruiser. In that case, the parties reached a settlement, and the Court dismissed the action.

In this case, Mr. Feagin again brings suit over the events arising out of his arrest on July 6, 2020, after which he was taken to the Richland County Sheriff's Department. He complains about the treatment he received. (ECF No. 3.)

A court must screen the complaint of a litigant it permits to proceed *in forma pauperis*. The Court "shall dismiss the case" if it (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The

Court has conducted the screening the statute requirements and determines that dismissal is required for two reasons.

First, Plaintiff complains about events arising out of his arrest on July 6, 2020, but he waited to bring this lawsuit until October 2025.  Section 1983 itself does not provide a statute of limitations.  In such circumstances, federal courts borrow the applicable limitations period from the most analogous one available under State law. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989).  Here, the most closely analogous limitations period under Ohio law is the general two-year limitations period for bringing a tort action.  *See* Ohio Rev. Code § 2305.10; *see Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).  Accordingly, Plaintiff's federal claims in this lawsuit will not withstand a motion to dismiss.  Indeed, he knew of his injury years ago, at least as early as 2022 when he filed his first lawsuit.

Second, the Court need not determine whether preclusion doctrines bar this second lawsuit because dismissal is warranted where the action is frivolous.  Such is the case here.  Whatever the merits of the claims he brings, the fact that he waited so long to file this second lawsuit and did not join his claims here with those asserted in his first tells the Court that this lawsuit lacks merit.

For these reasons, on screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that dismissal is warranted.  To the extent that Plaintiff's complaint can be read as asserting one or more claims arising under State law, the Court declines to exercise supplemental jurisdiction over those claims.  Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are

2

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).  This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court.  *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances.  28 U.S.C. § 1367(c).  Supplemental jurisdiction "is a doctrine of discretion."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]"  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462-63 (6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)).  Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  When deciding whether to invoke supplemental jurisdiction, "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *Gibbs*, 383 U.S. at 726–27).

After reviewing the record in this matter, the Court declines to exercise its discretion to retain supplemental jurisdiction over any remaining claims under State law that Plaintiff might assert in his complaint.  The Court dismissed the federal claims over which its original jurisdiction was invoked.  Further, the remaining claims involve State laws over which the local courts have more direct and immediate experience.

For the foregoing reasons, the Court **DISMISSES** this action under 28 U.S.C. § 1915(e) and **DISMISSES WITHOUT PREJUDICE** any State-law claims Plaintiff attempted to plead.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  July 27, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4